UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
LAWRENCE A. SCHULER, *Individually and
On Behalf of All Others Similarly Situated*, :

             Plaintiffs,
                                :        11-CV-2484 (KMW)
     -against-                         **ORDER**

NIVS INTELLIMEDIA TECHNOLOGY      :
GROUP, INC., et al.,

             Defendants.     :
------------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/14

KIMBA M. WOOD, U.S.D.J.:

On April 28, 2014, before commencing formal discovery, most of the parties in this action moved for preliminary approval of a proposed class settlement. *See* Dkt. Nos. 108-109. To evaluate a proposal at this early stage of litigation, the Court requires "complete and detailed information about the factors that indicate the value of the settlement." MANUAL FOR COMPLEX LITIGATION (4TH) § 21.631. Those factors include the "likelihood of success at trial," the scope of "damages and value of claims," the "cost of litigation," and each "defendant's ability to pay." *Id.* The Court also requires information about the negotiations that produced the settlement proposal, in order to determine whether those negotiations were "serious, informed, [and] non-collusive." *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005) (Scheindlin, J.) (quoting *In re Nasdaq Market–Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (Sweet, J.)).

Although the parties' previous submissions provide some useful information about the value of the settlement and the underlying negotiation process, the Court requires additional details about the foregoing subjects, including responses to the following questions:

1. Taking into account the litigation challenges that Plaintiffs identify in their Memorandum of Law, *see* Dkt. No. 109 at 6-9, what is the approximate likelihood that Plaintiffs would prevail at trial?

2. What is the approximate value of Plaintiffs' total alleged damages? How was that value calculated? Relatedly, how was the "Artificial Inflation per share" of $1.69 during the class period calculated? *See* Notice of Proposed Settlement of Class Action, Dkt. No. 109 Ex. A-1, at 9.

3. What percentage of Plaintiffs' total alleged damages does the proposed Settlement Amount of $1.35 million represent? *See* Stipulation and Agreement of Settlement, Dkt. No. 109, at 9. In terms of that percentage, how does the proposed settlement compare to settlements of similar securities class actions in the last ten years? *Cf.* MANUAL FOR COMPLEX LITIGATION (4TH) § 22.924 (emphasizing the importance of evaluating "the historic values of cases involving the same or similar claims and defenses").

4. Who participated in settlement negotiations among Plaintiffs, defendant NIVS IntelliMedia Technology Group, Inc. ("NIVS"), and defendant NIVS employees? When and how were those negotiations conducted?

5. What considerations led the parties to propose that NIVS and its employees contribute $50,000 to the Settlement Fund? *See id.* at 10. Was the SEC's civil action against defendants NIVS and Li, 13-cv-05079 (JMF), a relevant consideration?

6. After filing the Second Amended Complaint, did Plaintiffs refine or modify their theory of NIVS's wrongdoing? If so, on what basis?

7. What is NIVS's ability to pay a judgment in this case? How was that determination made?

8. What considerations led the parties to propose that MaloneBailey contribute $1.25 million to the Settlement Fund? *See* Stipulation and Agreement of Settlement, Dkt. No. 109, at 9.

9. After filing the Second Amended Complaint, did Plaintiffs refine or modify their theory of MaloneBailey's wrongdoing? If so, on what basis?

10. What is MaloneBailey's ability to pay a judgment in this case? How was that determination made?

11. What considerations led the parties to propose that WestPark Capital, Inc. ("WestPark") contribute $50,000 to the Settlement Fund? *See id.* at 9-10.

12. What is WestPark's ability to pay a judgment in this case? How was that determination made?

13. Why do the parties propose that MaloneBailey contribute 25 times more to the Settlement Fund than NIVS?

14. Why do the parties propose that MaloneBailey contribute 25 times more to the Settlement Fund than WestPark?

The parties should submit their responses by October 1, 2014 at 5:00 pm. Pursuant to Federal Rule of Civil Procedure 23(e)(3), the parties should also identify "any agreement made in connection with the proposal" by that date.

SO ORDERED.

Dated: New York, New York
       September 17, 2014

                                                     /s/ Kimba M. Wood
                                                       Kimba M. Wood
                                               United States District Judge