UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LAWRENCE A. SCHULER, *Individually and
On Behalf of All Others Similarly Situated*,

                          Plaintiffs,

          -against-

NIVS INTELLIMEDIA TECHNOLOGY
GROUP, INC., et al.,

                          Defendants.
-----------------------------------------------------------------X

11-CV-2484 (KMW)
**ORDER**

KIMBA M. WOOD, U.S.D.J.:

          In connection with their proposed settlement in this action, the parties have submitted the

following documents: (1) Proposed Order Preliminarily Approving Settlement, Certifying

Settlement Class, and Providing for Notice of Settlement; (2) Notice of Proposed Settlement of

Class Action; (3) Proof of Claim and Release; and (4) Summary Notice. The Court directs the

parties to revise the text of those documents as indicated in the edited versions attached to this

Order, and to propose dates for all scheduling deadlines currently left blank. The parties'

submission is due by 12:00 p.m. on November 6, 2014.


          SO ORDERED.

Dated: New York, New York
          October **30**, 2014

                                        Kimba M. Wood
                                        United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAWRENCE A. SCHULER, Individually and On Behalf of All Others Similarly Situated, | ) Civil Action No. 1:11-cv-02484-KMW <br> ) <br> ) |
| Plaintiff, | ) CLASS ACTION <br> ) |
| vs. | ) **[PROPOSED] ORDER** <br> ) **PRELIMINARILY APPROVING** |
| NIVS INTELLIMEDIA TECHNOLOGY GROUP, | ) **SETTLEMENT, CERTIFYING** |
| INC., TIANFU LI, SIMON ZHANG, | ) **SETTLEMENT CLASS, AND** |
| ALEXANDER CHEN, KWOK FU WONG, | ) **PROVIDING FOR NOTICE OF** |
| RUXIANG NIU, MINGHUI ZHANG, | ) **SETTLEMENT** |
| GENGQIANG YANG, CHARLES MO, RODMAN | ) |
| & RENSHAW LLC, WESTPARK CAPITAL, | ) EXHIBIT A |
| INC., and MALONEBAILEY, LLP, | ) |
| | ) |
| Defendants. | ) <br> ) |

WHEREAS, Allan Lyons ("Lead Plaintiff") and Plaintiffs Henry C. Beinstein and Michael A. Short (collectively with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and all members of the putative class, have entered into a Stipulation of Settlement, dated April 22, 2014 (the "Stipulation"), with defendants NIVS IntelliMedia Technology Group, Inc. ("NIVS"), Tianfu Li ("Li"), Simon Zhang ("Zhang"), Alexander Chen ("Chen"), Kwok Fu Wong ("Wong"), Ruxiang Niu ("Niu"), Minghui Zhang ("Minghui"), Gengqiang Yang ("Yang"), Charles Mo ("Mo"), MaloneBailey, LLP ("MaloneBailey") and WestPark Capital, Inc. ("WestPark") (the "Settling Defendants") setting forth the terms of a proposed settlement (the "Settlement") of this consolidated securities class action (the "Action");[1]

WHEREAS, pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs have applied for an order granting preliminary approval of the Settlement in accordance with the Stipulation, provisionally certifying a class of NIVS shareholders for settlement purposes only, and approving the manner of giving notice to such class;

WHEREAS, the Court has read and considered the Stipulation, the exhibits annexed thereto, and the submissions relating thereto, and finds that substantial and sufficient grounds exist for entering this order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, preliminarily and for purposes of the Settlement only, the Court certifies a class (the "Settlement Class") consisting of all persons or entities who purchased or otherwise acquired shares of NIVS common stock from March 24, 2010 through March 25, 2011, inclusive (the "Settlement Class

---

[1] Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Stipulation.

Period"), and who were allegedly damaged thereby ("Settlement Class Members"). Excluded from the Settlement Class are Settling Defendants, all officers and directors of NIVS, and all such excluded persons' immediate family members, legal representatives, heirs, predecessors, successors and assigns, and any entity in which any excluded person has or had a controlling interest. Also excluded from the Settlement Class are persons who file valid and timely requests for exclusion in accordance with this order.

2.      The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent; (d) Plaintiffs will fairly and adequately represent the interests of the Settlement Class with respect to the claims asserted against the Settling Defendants; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the claims asserted against the Settling Defendants.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for purposes of the Settlement only, Plaintiffs are certified as Settlement Class Representatives and Plaintiffs' Lead Counsel, Saxena White P.A., is certified as Settlement Class Counsel.

4.      The Court preliminarily approves the Stipulation, and the Settlement set forth therein, subject to further consideration at the hearing described below.

5.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2014, at **11: 00 a**.m., Courtroom 9A before the Honorable Kimba M. Wood at the

18 B

Daniel Patrick Moynihan United States Courthouse, Courtroom 9A, 500 Pearl Street, New York, NY 10007-1312, to determine whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to Settlement Class Members, and should be approved by the Court; to determine whether the proposed Order and Final Judgment (the "Judgment") as provided in paragraph 1.6 of the Stipulation should be entered; to determine whether the proposed plan of allocation (the "Plan of Allocation") for distributing the Settlement proceeds among Settlement Class Members should be approved; to determine the amount of attorneys' fees and expenses that should be awarded to Settlement Class Counsel; to determine the amount that Plaintiffs should be reimbursed for their time and expenses; to consider any Settlement Class Members' objections to the Settlement; and to rule upon such other matters as the Court may deem appropriate.

6.     The Court may adjourn the Settlement Hearing without further notice to Settlement Class Members. The Court may enter the Judgment approving the Settlement and dismissing the Action on the merits and with prejudice even if the Court has not approved the Plan of Allocation, the application for attorneys' fees and expenses, or the application for reimbursement of Plaintiffs' expenses. The Court may also approve the Settlement with such modifications as may be agreed upon or consented to by the Plaintiffs and the Settling Defendants without further notice to the Settlement Class where doing so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

7.     The Court hereby approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release (the "Proof of Claim"), and the Summary Notice, which are annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the

- 3 -

manner set forth in paragraphs 8 and 9 of this order meet the requirements of Federal Rule of Civil Procedure 23 and due process, satisfy Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; is the best notice practicable under the circumstances; and constitutes due and sufficient notice to all persons entitled thereto. No Settlement Class Member shall be relieved or excused from the terms of the Settlement, including the releases of claims provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

8.     The Court hereby appoints Epiq Systems, Inc. (the "Claims Administrator") to supervise and administer the notice procedures and the processing of claims, as more fully set forth below:

(a)     Not later than _____, 2014, the Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b)     Not later than _____, 2014, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily* and posted on *Business Wire*; and

(c)     At least seven (7) calendar days prior to the Settlement Hearing, Settlement Class Counsel shall serve on the Settling Defendants' or their counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.     Any nominee that purchased NIVS common stock during the Settlement Class Period on behalf of a Settlement Class Member shall send the Notice and the Proof of Claim to all such Settlement Class Members within ten (10) calendar days after receipt thereof, or send a list of the

- 4 -

names and addresses of such Settlement Class Members to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such Settlement Class Members. Settlement Class Counsel shall, if requested, reimburse out of the Settlement proceeds banks, brokerage houses, or other nominees that produce acceptable proof of reasonable out-of-pocket expenses incurred in providing notice to Settlement Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

10.     All Settlement Class Members who do not timely exclude themselves from the Settlement Class, as provided for herein, shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable.

11.     Any Settlement Class Member who wishes to exclude himself, herself or itself from the Settlement Class may do so by mailing a written request for exclusion by first class mail, postage prepaid, or otherwise delivering such request, no later than thirty (30) calendar days prior to the Settlement Hearing, to the addresses listed in the Notice.  Such request shall clearly indicate the name, address, phone number and e-mail (if any) of the person seeking exclusion, shall state that the sender specifically requests to be excluded from the Settlement Class, and must be signed by such person. Such persons requesting exclusion are also required to specify their purchases and sales of NIVS common stock during the Settlement Class Period, including the date, number of shares and price of shares purchased or sold. The request for exclusion shall not be effective unless it provides the foregoing information, is legible, and is made within the time stated above, or unless the exclusion is otherwise accepted by the Court. Settlement Class Counsel may contact any person or entity filing a request for exclusion, or his, her, or its attorney if one is designated, to discuss the

- 5 -

exclusion. Any Settlement Class Member requesting exclusion from the Settlement Class shall not be entitled to receive any Settlement proceeds.

12.     Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) days from the date of publication of the Summary Notice provided for in paragraph 7(b) above. Any Settlement Class Member who does not timely submit a valid Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement but shall nonetheless be bound by the terms of the Judgment, unless otherwise ordered by the Court. Notwithstanding the foregoing, Settlement Class Counsel may, in its discretion, accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. Each Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to any determinations or calculations concerning his, her, or its Proof of Claim. Settling Defendants shall have no responsibility to make any determinations or calculations with respect to any Proofs of Claim.

13.     Any Settlement Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If a Settlement Class Member does not enter an appearance, he, she or it will be represented by Settlement Class Counsel.

14.     Any Settlement Class Member may object to the Settlement, the Judgment, the Plan of Allocation, the application for attorneys' fees and expenses, and/or the application for reimbursement of Plaintiffs' expenses, and may appear at the Settlement Hearing to raise such objection, provided that such Settlement Class Member submits (a) a written statement identifying the Settlement Class Member's name, address, and telephone number, and, if represented by

- 6 -

counsel, his, her or its counsel; (b) proof of ownership of NIVS common stock during the Settlement Class Period, including the number of NIVS common stock and the date or dates of purchase; (c) a statement of the Settlement Class Member's objection and the grounds therefore; and (d) any supporting documentation. If the Settlement Class Member wishes to appear at the Settlement Hearing, he, she or it must also include with the foregoing materials a statement of intention to appear at the Settlement Hearing. Such materials must be filed with the Clerk of the United States District Court for the Southern District of New York and sent by first class mail to the following addresses not later than fourteen (14) calendar days before the Settlement Hearing:

Joseph E. White, III
Saxena White P.A.
2424 N. Federal Highway, Suite 257
Boca Raton, FL 33431

*Settlement Class Counsel*

Peter J. Larkin
Wilson Elser Moskowitz Edelman &
Dicker LLP
3 Gannett Drive
White Plains, New York 10604

*Counsel for Defendant*
*MALONEBAILEY, LLP.*

Julie E. Kamps
Julie E. Kamps, Esq.
1900 Ave. of the Stars, Suite 310
Los Angeles, California 90067

*Attorney for Defendant*
*WESTPARK CAPITAL, INC.*

15.     Any Settlement Class Member who does not raise an objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from raising any objection concerning the Settlement, the Judgment, the Plan of Allocation, the attorneys' fees and expenses, and the reimbursement of Plaintiffs' expenses, unless otherwise ordered by the Court.

16.    All proceedings in the Action are stayed until further order of the Court, except as may be necessary to consummate the Settlement or comply with the terms of the Stipulation. All Settlement Class Members, and each of them, and anyone acting or purporting to act for any of them, is hereby enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Released Claims.

17.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.    All papers in support of the Settlement, the Plan of Allocation, the application for attorneys' fees and expenses, and/or the application for reimbursement of Plaintiffs' expenses shall be filed and served at least twenty-one (21) calendar days before the Settlement Hearing. Reply papers, if any, shall be filed and served at least seven (7) calendar days before the Settlement Hearing.

19.    Neither Settling Defendants nor Settling Defendants' counsel shall have any responsibility for, or liability with respect to, the Plan of Allocation, the attorneys' fees and expenses, or the reimbursement of Plaintiffs' expenses, and all such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20.    At or after the Settlement Hearing, the Court shall determine whether to approve the Plan of Allocation, the application for attorneys' fees and expenses, and the application for reimbursement of Plaintiffs' expenses. The Court's decision with respect to such matters shall have no effect on the Court's approval of the Settlement or the finality of the Judgment.

21.    All reasonable expenses incurred in identifying and notifying Settlement Class Members and in administering the Settlement shall be paid as set forth in the Stipulation.

- 8 -

22.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Settling Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

23.     In the event the Settlement is not consummated pursuant to its terms, the Stipulation (except as otherwise provided therein or in any amendment(s) thereto, or in this order) shall be null and void, of no further force or effect, and without prejudice to Plaintiffs or Settling Defendants, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, except as otherwise provided for in the Stipulation.

24.     The Court retains jurisdiction to consider all further matters arising out of or connected to the Settlement.

IT IS SO ORDERED.

DATED: _____

THE HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAWRENCE A. SCHULER, Individually and On Behalf of All Others Similarly Situated, | ) Civil Action No. 1:11-cv-02484-KMW<br>)<br>) |
| Plaintiff, | ) CLASS ACTION<br>) |
| vs. | ) **NOTICE OF PROPOSED**<br>) **SETTLEMENT OF CLASS ACTION** |
| NIVS INTELLIMEDIA TECHNOLOGY GROUP, INC., TIANFU LI, SIMON ZHANG, ALEXANDER CHEN, KWOK FU WONG, RUXIANG NIU, MINGHUI ZHANG, GENGQIANG YANG, CHARLES MO, RODMAN & RENSHAW LLC, WESTPARK CAPITAL, INC., and MALONEBAILEY, LLP, | )<br>) **EXHIBIT A-1**<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

*If you purchased or otherwise acquired the publicly traded common stock of NIVS IntelliMedia Technology Group, Inc. ("NIVS") during the period between March 24, 2010 and March 25, 2011, inclusive (the "Settlement Class Period"), you may be entitled to receive a payment under the proposed settlement (the "Settlement") of a securities class action lawsuit (the "Action"). Your legal rights are affected whether you act or do not act. Please read this notice carefully.*

This is not a solicitation from a lawyer; a United States District Court authorized this notice (the "Notice"). The complete terms and conditions of the Settlement are set forth in a Stipulation of Settlement, dated April 22, 2014 (the "Stipulation") entered into by the parties to the Action, which can be downloaded at www.nivssecuritieslitigation.com or requested at the telephone number and address provided below.

**Relevant securities and time period**: NIVS common stock purchased or otherwise acquired between March 24, 2010 and March 25, 2011, inclusive.

**Settlement proceeds:** If the Settlement is approved by the United States District Court for the Southern District of New York (the "Court"), it will provide for a gross payment of $1,350,000 into a settlement fund (the "Settlement Fund"), which, after deducting certain fees and expenses described below, would be available for distribution to persons who purchased or otherwise acquired NIVS common stock during the Settlement Class Period ("Settlement Class"). Whether you are entitled to a payment from the Settlement Fund depends on the timing of your purchases and any sales of NIVS common stock during the Settlement Class Period. Based on the information currently available to counsel for the Plaintiffs in the Action ("Plaintiffs' Counsel"), and the analysis performed by its damage consultants, if claims are submitted representing 100 percent of the eligible NIVS shares, the estimated average recovery would be approximately $0.091 for each share of NIVS

- 1 -

common stock, before deducting settlement administration costs and Court-approved fees and expenses. Historically, the claim submission rate is less than 100 percent, which results in a higher per-share recovery for those who submit qualifying claims. Please see Question 9 below for a detailed explanation of the proposed plan of allocation (the "Plan of Allocation") for distributing the Settlement proceeds to members of the Settlement Class ("Settlement Class Members").

**Reasons for the Settlement:** The Settlement provides a benefit to Settlement Class Members now and avoids the uncertainty, time and expense of further litigation, including the potential for a contested trial and likely appeals, with the possibility of receiving no recovery at all for the Settlement Class.

**If the Action had not settled:** If the parties had not agreed to the Settlement, it is possible that the named plaintiffs ("Plaintiffs"), on behalf of Settlement Class Members, would have obtained no recovery at all. The parties disagree on both liability and damages. Among the many issues on which the parties do not agree are: (1) whether any Defendants violated the law; (2) whether NIVS's public disclosures contained any false or misleading statements or omissions of material fact; (3) whether any such alleged misstatements or omissions affected the price of NIVS common stock, and the amount and method for determining such alleged effect; and (4) the amount of damages (if any) that could be recovered at trial.

**Fees and expenses:**   Plaintiffs' Counsel has not received any payments for its work investigating the facts, prosecuting the Action, and negotiating the Settlement on behalf of Plaintiffs and the Settlement Class. Plaintiffs' Counsel will ask the Court for an award of attorneys' fees equal to $33^{1/3}$% of the Settlement Fund, and for reimbursement of litigation expenses not to exceed $100,000. In addition, Plaintiffs will ask the Court for a compensatory payment not to exceed $5,000 for reimbursement of their reasonable costs and expenses directly relating to their

- 2 -

representation of the Settlement Class, for an aggregate amount of $15,000. All of these amounts would be paid exclusively from the Settlement Fund. If the above amounts are approved by the Court, the average cost of such fees and expenses would be approximately $0.038 for each share of NIVS common stock.

**Important deadlines:**

Deadline to submit a claim for Settlement proceeds: _____, 2014

Deadline to request exclusion from the Settlement Class: _____, 2014

Deadline to object to the Settlement: _____, 2014

**Settlement hearing:** _____, 2014

**More information:** www.nivssecuritieslitigation.com or contact:

Claims Administrator
*NIVS IntelliMedia Technology*
*Group, Inc. Securities Litigation*
Claims Administrator
c/o Epiq Systems, Inc.
P.O. Box 3518
Portland, OR 97208-3518

Lead Plaintiffs' Counsel
SAXENA WHITE P.A.
Joseph E. White, III
2424 N. Federal Hwy., Suite 257
Boca Raton, FL 33431
Telephone: (561) 394-3399

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

- **SUBMIT A CLAIM**
  You may submit a claim to request a payment from the Settlement Fund by following the instructions in this Notice and on the Proof of Claim enclosed with this Notice.

- **OBJECT**
  You may write to the Court if you do not like this Settlement, the request for fees and expenses, or the Plan of Allocation. The Court will consider your objection in deciding whether to approve the Settlement.

- **REQUEST EXCLUSION**
  You may request to be excluded from the Settlement Class by following the instructions in this Notice. If you request exclusion, you will not be able to submit a claim for a payment from the Settlement Fund.

- **ATTEND THE HEARING**
  You may attend the hearing at which the Court will consider whether to approve the Settlement (the "Settlement Hearing").

Attendance, however, is not required.

- **DO NOTHING**        You may do nothing, in which case you will not receive any payment from the Settlement Fund and you will be bound by the terms of the Settlement, including the release of claims.

The above rights and options — *and the deadlines to exercise them* — are explained in this Notice. The Court must decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1.    Why did I get this Notice?

You or someone in your family may have purchased NIVS common stock between March 24, 2010 and March 25, 2011, inclusive.

The Court authorized this Notice to inform people who purchased NIVS common stock during the Settlement Class Period about a proposed settlement of a class action lawsuit filed against NIVS, and the options that such people have before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and any appeals are resolved in favor of the Settlement, the claims administrator appointed by the Court (the "Claims Administrator") will make the payments provided for under the Settlement.

This Notice explains the Action, the Settlement, your legal rights, what benefits are available, who is eligible for such benefits, and how to obtain them.

The title of the Action is *Schuler vs. NIVS IntelliMedia Technology Group, Inc., et al.*, Case No. 11-CV-02484-KMW-FM (S.D.N.Y.). Plaintiffs are Lead Plaintiff Allan Lyons and plaintiffs Henry C. Beinstein and Michael A. Short. The Settling Defendants are NIVS IntelliMedia Technology Group, Inc. ("NIVS"), Tianfu Li, Simon Zhang, Alexander Chen, Kwok Fu Wong, Ruxiang Niu, Minghui Zhang, Gengqiang Yang, Charles Mo, MaloneBailey, LLP ("MaloneBailey")

- 4 -

and WestPark Capital, Inc. ("WestPark"). Defendant Rodman & Renshaw LLC ("R&R") filed a Suggestion of Bankruptcy with the Court on January 17, 2013. As such, R&R was not involved in the Settlement.

## 2. What is this lawsuit about?

Awaaz Baksh filed the original purported securities class action complaint in the Action on March 29, 2011 alleging that NIVS and certain of its officers and directors made false and misleading statements in NIVS's public filings with the U.S. Securities and Exchange Commission ("SEC") in violation of the federal securities laws. On October 22, 2011, this court appointed Allan Lyons as Lead Plaintiff.

Lead Plaintiff filed a Corrected Consolidated Amended Complaint on March 27, 2012. Lead Plaintiff generally alleged that the defendants engaged in conduct that violated the United States securities laws during the Settlement Class Period (as defined below), in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder; and Sections 11, 12(a) (2) and 15 of the Securities Act of 1933 ("Securities Act"). Lead Plaintiff alleged claims against NIVS, Lee, Zhang, Chen, Wong and MaloneBailey (collectively, the "Exchange Act Defendants") under the Exchange Act. Plaintiffs alleged claims against NIVS, Li, Zhang, Niu, Minghui, Yang, Mo, Rodman & Renshaw LLC ("R&R"), WestPark, and MaloneBailey (collectively, the "Securities Act Defendants") under the Securities Act.

Thereafter, defendants WestPark, MaloneBailey, and R&R filed motions to dismiss the Complaint on May 31, 2012. On January 11, 2013, while the motions to dismiss were pending, R&R filed a petition for relief under Chapter 7 of the United States Bankruptcy Code in the Bankruptcy Court for the Southern District of New York. *In Re Rodman & Renshaw, LLC*, 13-

- 5 -

10087-reg (S.D.N.Y.). R&R filed a Suggestion of Bankruptcy with the Court on January 17, 2013 (Dkt. #96). The Action was thereafter stayed against R&R by operation of law.

By order dated March 12, 2013, the Court granted the motions to dismiss, but granted leave to amend. Plaintiffs filed the Second Amended Complaint on April 15, 2013. On April 29, 2013, Plaintiffs, WestPark and MaloneBailey filed a Joint Stipulation Staying All Proceedings in order to engage in settlement discussions.

### 3.    Why is this a class action?

The Action was filed as a class action lawsuit. In a class action, one or more plaintiffs file a lawsuit on behalf of himself or herself, and as a representative of other people who have similar claims. Class actions allow a court to consider the claims of a class of similarly situated people collectively where it might not be economically worthwhile for those people to file individual claims. The court's decisions in a class action case are binding on all members of the class, except for those who inform the court that they wish to be excluded from the class.

### 4.    Why is there a settlement?

The Settlement avoids the risks and costs of lengthy and uncertain continued litigation, including a potential trial and likely appeals, and instead allows eligible Settlement Class Members to be compensated now. After extensive good-faith settlement discussions during the course of the Action, counsel for Plaintiffs and for WestPark and MaloneBailey participated in a mediation session held on September 12, 2013 to try to reach a resolution. Prior to the mediation, each side submitted a comprehensive statement setting forth its position. As a result of negotiations that occurred during and after the mediation, the WestPark and MaloneBailey defendants reached agreements to settle the Action. The remaining Defendants, including Defendant NIVS IntelliMedia Technology Group, Inc. ("NIVS") and the Individual Defendants (various officers and directors of

- 6 -

NIVS and, together with NIVS, the "NIVS Defendants") also agreed to a resolution of this action. Plaintiffs and Plaintiffs' Counsel believe that the Settlement is in the best interests of all Settlement Class Members.

MaloneBailey, WestPark and the NIVS Defendants individually recognize that the Action is being voluntarily settled after advice of their respective counsel, and that the terms of the Settlement (as defined below) are fair, adequate and reasonable. MaloneBailey, WestPark and the NIVS Defendants, each with their own respective basis for resolving the Action, have nonetheless agreed to the Settlement in order to eliminate the uncertainty, distraction, disruption, burden, risk and expense of further litigation.

If the Court approves the Settlement, Plaintiffs will request that the Court dismiss the Action with prejudice, and enter an order releasing all claims against the Settling Defendants. The effectiveness of the Settlement is contingent upon the Court's approval.

## THE SCOPE OF THE SETTLEMENT

### 5.   How do I know if I am covered by the Settlement?

All persons or entities that purchased or otherwise acquired NIVS common stock between March 24, 2010 and March 25, 2011, inclusive, are covered by the Settlement.

### 6.   Are there exceptions to being included in the Settlement Class?

Yes. Excluded from the Settlement Class are Settling Defendants, and all officers and directors of NIVS, and all such excluded persons' immediate family members, legal representatives, heirs, predecessors, successors and assigns, and any entity in which any excluded person has or had a controlling interest. Also excluded from the Settlement Class are persons who file valid and timely requests for exclusion by following the instructions below.

- 7 -

### 7. I'm still not sure if I am covered by the Settlement.

If you still are not sure whether you are included, you can ask for free help. You can call the Claims Administrator at (877) 819-8980 or visit www.nivssecuritieslitigation.com for more information; you can e-mail a representative of Plaintiffs' Lead Counsel, Joseph E. White, III, at jwhite@saxenawhite.com for more information; or you can fill out and return the claim form described in Question 11 to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8. What does the Settlement provide?

The Settling Defendants have agreed to a payment of $1,350,000, to be made, in exchange for the release of claims provided for in the Stipulation. Defendant MaloneBailey is required to fund the settlement fund with $1,250,000 within fourteen (14) days after the entry of an order preliminarily approving the settlement. Defendant WestPark's parent company, WestPark Capital Financial Services LLC, will pay $50,000 cash on or before ten (10) days prior to the final approval hearing. Defendant WestPark Capital, Inc. will not be making any payment. The NIVS Defendants agreed to a payment of $50,000 cash on or before twenty-one (21) calendar days after the entry of a Court order Preliminarily Approving the Settlement. The Settlement Fund will be divided among all eligible Settlement Class Members who submit timely and valid Proofs of Claim and Release forms approved by the Claims Administrator in whole or in part ("Authorized Claimants"), after payment of Court-approved attorneys' fees and litigation expenses, taxes, Plaintiffs' compensatory awards, and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing a notice in the news media. The amount remaining after such deductions is referred to as the "Net Settlement Fund."

- 8 -

## 9.    The Plan of Allocation - How much will my payment be?

Your share of the Net Settlement Fund will depend on the overall number of valid claims that Settlement Class Members send in, the amount due under those claims, how many shares of NIVS common stock you purchased and sold during the Settlement Class Period, and when you bought and sold such shares. The Net Settlement Fund shall be distributed to the Class Members as described in this section (the "Plan of Allocation").

All calculations and determinations will be made by the Claims Administrator under the supervision of Plaintiffs' Counsel. In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The allocation is based on the following:

## Statement of Claims
## NIVS IntelliMedia Technology Group

### Class Period: March 24, 2010 - March 25, 2011

Estimated Average Recovery per share = $.091

| Date Range | Artificial Inflation per share |
|---|---|
| 3/24/2010 - 3/24/2011 | $1.69 |
| 3/25/2011 - Today | $0.00 |

- 9 -

Case 1:11-cv-02484-KMW  Document 114  Filed 10/30/14  Page 22 of 45
Case 1:11-cv-02484-KMW  Document 109-3  Filed 04/28/14  Page 11 of 18

Notes and Sources:
[1] Source: Price data gathered from Bloomberg.
[2] Inflation estimated using a market model.

For Settlement Class Members who held NIVS common stock at the beginning of the Settlement Class Period, or who made multiple purchases or sales during the Settlement Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a Recognized Loss. Under the FIFO method, the sales of NIVS common stock during the Settlement Class Period will be matched in chronological order, first against common stock held at the beginning of the Settlement Class Period. The remaining sales of common stock during the Settlement Class Period will then be matched, in chronological order, against common stock purchased during the Settlement Class Period.

For shares of NIVS common stock purchased during the Settlement Class Period and sold prior to the close of trading on March 24, 2011, the Recognized Loss per share will be $0.00.

For shares of NIVS common stock purchased during the Settlement Class Period and held as of the close of trading on March 24, 2011, the Recognized Loss per share will be $1.69 (the estimated Artificial Inflation during the Settlement Class Period).

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net loss, after all profits from transactions in NIVS common stock during the Settlement Class Period are subtracted from all losses[1]. However, the proceeds of sales from securities which have been matched against securities held at the beginning of the Settlement Class Period will not be used in the calculation of such net loss.

_____

[1] For the purpose of calculating a net profit or loss, shares purchased during the Settlement Class Period and held through the end of the Settlement Class Period will be calculated using a holding value of $0.52 (the opening price as of June 24, 2011, the first day the shares traded after the Settlement Class Period).

- 10 -

No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Settlement Class Members. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or any claims administrator or other Person designated by Plaintiffs' Counsel or the Settling Defendants and/or the Settling Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All members of the Class who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

### 10.     How will I get a payment?

To qualify for a payment, you must send a Proof of Claim to the Claims Administrator. A Proof of Claim is enclosed with this Notice. Read the instructions carefully, fill out the Proof of Claim, include all the documents requested, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2014.

### 11.     When would I get my payment?

It is difficult to predict when payments from the Settlement Fund will begin. The Court will hold the Settlement Hearing on _____, 2014, at _____, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from the Court's approval,

which could take a year or longer to resolve.  The timing also depends on the number of Proofs of Claim submitted, which take time to process.  If the Court approves the Settlement at the Settlement Hearing and no appeals are taken, it will likely take nine months or longer from the date of the Settlement Hearing for the Claims Administrator to begin making payments.  Please be patient.

**12.   Can I sue Defendants for the same thing?**

If you are a Settlement Class Member and you do not request exclusion from the Settlement Class in the manner described below, you may not sue any of the Released Persons (as defined in the Stipulation), including the Settling Defendants, based on the same or similar facts and issues as in the Action.  The precise scope of the releases is set forth in the Stipulation.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Released Persons, on your own, about the Released Claims, then you must take steps to get out.  This is called excluding yourself from the Settlement, or is sometimes referred to as "opting out" of the Settlement.  The Settling Defendants may withdraw from and terminate the Settlement if more than a certain number of claimants exclude themselves from the Settlement.

**13.   How do I get out of the proposed Settlement?**

You cannot exclude yourself by telephone or by email.  To exclude yourself from the Settlement, you must send a signed letter by mail stating that you "request exclusion from the Settlement in the NIVS IntelliMedia Litigation, Case No. 1:11-cv-02484-JGK."  Your letter should state the dates, prices, and amounts of all purchases and sales of NIVS common stock during the Settlement Class Period.  Please be sure to include your name, address, telephone number, e-mail

address and your signature. If the exclusion request is made by someone other than the Class Member directly, the person or entity submitting the exclusion request must provide documentation evidencing authority to submit the exclusion request on behalf of the Class Member. You must mail your exclusion request postmarked no later than _____ to:

*Schuler v. NIVS IntelliMedia Technology Group, Inc., et al. Securities Litigation*
Exclusions
c/o Epiq Systems, Inc.
P.O. Box 3518
Portland, OR 97208-3518

If you ask to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) the Released Persons in the future.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court appointed the law firm of Saxena White P.A. to represent Plaintiffs and all Settlement Class Members. The Court also appointed the Law Offices of Curtis V. Trinko, LLP as liaison counsel for Plaintiffs and the Settlement Class. You will not be charged for the services of these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. How will the lawyers be paid?

Before the date of the Settlement Hearing, Plaintiffs' Counsel will submit an application asking the Court for an award of attorneys' fees equal to $33^{1/3}$% of the Settlement Fund, and for reimbursement of litigation expenses not to exceed $100,000, both of which would be paid from the Settlement Fund. Settlement Class Members are not personally liable for such fees or expenses. To date, Plaintiffs' Counsel has not received any payment for its services in conducting this Action on

- 13 -

behalf of Plaintiffs and the Settlement Class, nor has it received any reimbursement of litigation expenses. The fee requested will compensate Plaintiffs' Counsel for its work in achieving the Settlement and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type. This motion will be considered at the Settlement Hearing.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 16.    How do I tell the Court that I do not like the Settlement?

Any Settlement Class Member may object to the Settlement, the Plan of Allocation, the application for attorneys' fees and expenses, and/or the application for reimbursement of Plaintiffs' expenses and/or compensatory award, and may also (but need not) appear at the Settlement Hearing to raise such an objection. To object, you must submit (a) a written statement identifying your name, address, and telephone number, and, if represented by counsel, your counsel's name and contact information; (b) proof of ownership of NIVS common stock during the Settlement Class Period, including the number of NIVS common stock and the date or dates of purchase; (c) a statement explaining your objection and your reasons for such objection; and (d) any supporting documentation. If you wish to appear at the Settlement Hearing, you must also include a statement of intention to appear at the Settlement Hearing. You must send these materials by first class mail to the following addresses **by** _____ [14 days before the Settlement Hearing]:

The Court
Clerk of the Court
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Plaintiffs' Lead Counsel

- 14 -

Joseph E. White, III
SAXENA WHITE P.A.
2424 North Federal Highway, Suite 257
Boca Raton, FL 33431
Tel: (561) 394-3399
Fax: (561) 394-3382

Counsel for Defendants
Julie E. Kamps
JULIE E. KAMPS, ESQ.
1900 Ave. of the Stars, Suite 310
Los Angeles, California 90067
Tel:    (310) 203-2942
*Attorney for Defendant WESTPARK CAPITAL, INC.*

Peter J. Larkin
William J. Kelly
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Tel:    (914) 323-7000
Fax:    (914) 323-7001
*Counsel for Defendant MALONEBAILEY, LLP.*

If you do not raise an objection in the manner provided above, you will be deemed to have

waived any objection to the Settlement, the Plan of Allocation, the attorneys' fees and expenses, and

the reimbursement of Plaintiffs' expenses, unless otherwise ordered by the Court.

## THE SETTLEMENT HEARING

The Court will hold a Settlement Hearing at _____, on _____, 2014, in Courtroom 9A  18 B

before the Honorable Kimba M. Wood at the Daniel Patrick Moynihan United States Courthouse,

500 Pearl Street, New York, NY 10007-1312. You may attend the Settlement Hearing, but you do

not have to.

At the Settlement Hearing, the Court will consider whether the Settlement is fair, reasonable,

and adequate. The Court will consider any objections that have been properly submitted. The Court

will also decide whether to approve the Plan of Allocation, the payment of fees and expenses to

- 15 -

Plaintiffs' counsel, and the application for reimbursement of Plaintiffs' expenses. It is difficult to predict how long the hearing may take or whether the Court will make a decision on the day of the hearing or sometime later.

**17.    Do I have to come to the hearing?**

No. Plaintiffs' Counsel will be attending the Settlement Hearing on behalf of the Settlement Class. If you submit an objection in accordance with the instructions above, the Court will consider your objection even if you do not attend the Settlement Hearing. You may attend the Settlement Hearing if you want, at your own expense, or you may send your own lawyer to attend, but it is not necessary.

## IF YOU DO NOTHING

**18.    What happens if I do nothing at all?**

If you do nothing, you will not receive any payment from the Settlement Fund and you will be bound by the terms of the Settlement, including the release of claims against Settling Defendants.

## GETTING MORE INFORMATION

**19.    Are there more details about the Settlement?**

This Notice summarizes the Settlement. More details are in the Stipulation, which has been filed with the Court. You can obtain a copy of the Stipulation from the Clerk's office at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, during regular business hours, or it can be viewed or downloaded at www.nivssecuritieslitigation.com. Or you may contact the Claims Administrator at (877) 819-8980.

**20.    How do I get more information?**

You can call (877) 819-8980 or write to a representative of Plaintiffs' Lead Counsel, Joseph E. White, III, or go to www.nivssecuritieslitigation.com for additional information regarding the

- 16 -

Settlement or the Action. *Please do not call the Court or the Clerk of the Court for additional information about the Settlement.*

### 21.    Special notice to nominees

If you hold any NIVS common stock purchased between March 24, 2010 and March 25, 2011, inclusive, as a nominee for a beneficial owner, within ten (10) days after you receive this Notice, you must either (1) send a copy of this Notice by first class mail to all such beneficial owners; or (2) provide a list of the names and addresses of such beneficial owners to the Claims Administrator at the following address:

> *Schuler v. NIVS IntelliMedia Technology Group, Inc., et al. Securities Litigation*
> Claims Administrator
> c/o Epiq Systems, Inc.
> P.O. Box 3518
> Portland, OR 97208-3518

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. You may be able to obtain reimbursement for, or advancement of, any reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice that would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator. Please contact the Claims Administrator for more information.

DATED: _____, 2014            BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF NEW YORK

- 17 -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAWRENCE A. SCHULER, Individually and On Behalf of All Others Similarly Situated, | ) Civil Action No. 1:11-cv-02484-KMW |
| | ) |
| | ) |
| Plaintiff, | ) CLASS ACTION |
| | ) |
| vs. | ) **PROOF OF CLAIM AND RELEASE** |
| | ) |
| NIVS INTELLIMEDIA TECHNOLOGY GROUP, | ) EXHIBIT A-2 |
| INC., TIANFU LI, SIMON ZHANG, | ) |
| ALEXANDER CHEN, KWOK FU WONG, | ) |
| RUXIANG NIU, MINGHUI ZHANG, | ) |
| GENGQIANG YANG, CHARLES MO, RODMAN | ) |
| & RENSHAW LLC, WESTPARK CAPITAL, | ) |
| INC., and MALONEBAILEY, LLP, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I.   GENERAL INSTRUCTIONS

1.      To be eligible to recover a payment in the proposed settlement (the "Settlement") of the class action captioned *Schuler v. NIVS IntelliMedia Technology Group, Inc , et al* , Case No. 1:11-cv-02484-KMW (S.D.N.Y.) (the "Action"), you must complete and sign on page 10 of this Proof of Claim and Release. If you fail to file a properly completed and addressed Proof of Claim and Release as set forth herein your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund[1] in connection with the Settlement provided for in the Stipulation.

2.      Submission of this Proof of Claim and Release does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2014 ADDRESSED AS FOLLOWS:

> *Schuler v. NIVS IntelliMedia Technology Group, Inc., et al  Securities Litigation*
> c/o Epiq Systems, Inc.
> P.O. Box 3518
> Portland, OR 97208-3518

If you are NOT a member of the Settlement Class (as defined below and in the Notice of Proposed Settlement of Class Action (the "Notice")) DO NOT submit a Proof of Claim and Release.

4.      If you are a member of the Settlement Class and you have not requested exclusion from the Settlement Class, you will be bound by the terms of any judgment entered in the Litigation,

---

[1] As explained more fully in the April 22, 2014 Stipulation of Settlement (the "Stipulation") entered into by the parties to the Litigation, the "Net Settlement Fund" shall consist of $1.35 million minus fees, expenses and taxes.

including the releases provided in the Stipulation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.    DEFINITIONS

1.    "Settlement Class" and "Settlement Class Members" mean all persons or entities who purchased or otherwise acquired common stock of NIVS IntelliMedia Technology Group, Inc. ("NIVS") securities from March 24, 2010 and March 25, 2011, inclusive (the "Settlement Class Period"), and who were allegedly damaged thereby. Excluded from the Settlement Class are Settling Defendants and all officers and directors of NIVS, and all such excluded persons' immediate family members, legal representatives, heirs, predecessors, successors and assigns, and any entity in which any excluded person has or had a controlling interest. Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Notice.

2.    "Settling Defendants" means NIVS IntelliMedia Technology Group, Inc. ("NIVS"), Tianfu Li ("Li"), Simon Zhang ("Zhang"), Alexander Chen ("Chen"), Kwok Fu Wong ("Wong"), Ruxiang Niu ("Niu"), Minghui Zhang ("Minghui"), Gengqiang Yang ("Yang"), Charles Mo ("Mo"), MaloneBailey, LLP ("MaloneBailey") and WestPark Capital, Inc. ("WestPark").

## III.   CLAIMANT IDENTIFICATION

If you purchased NIVS common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased NIVS common stock and the certificate(s) was (were) registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of NIVS common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL

- 2 -

PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE
NIVS COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators
and trustees must complete and sign this claim on behalf of persons represented by them and their
authority must accompany this claim and their titles or capacities must be stated. The social security
(or taxpayer identification) number and telephone number of the beneficial owner may be used in
verifying the claim. Failure to provide the foregoing information could delay verification of your
claim or result in rejection of the claim.

## IV.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in NIVS Common Stock" to
supply all required details of your transaction(s) in NIVS common stock. If you need more space or
additional schedules, attach separate sheets giving all of the required information in substantially the
same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your
purchases and *all* of your sales of NIVS common stock that took place at any time between March
24, 2010 and March 24, 2011, whether such transactions resulted in a profit or a loss. You must also
provide all of the requested information with respect to *all* of the NIVS common stock you held at
the close of trading on March 24, 2010 and at the close of trading on March 24, 2011. Failure to
report all such transactions may result in the rejection of your claim.

List each transaction during the Settlement Class Period separately and in chronological
order, by trade date, beginning with the earliest. You must accurately provide the month, day and
year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of NIVS common stock. The date of a "short sale" is deemed to be the date of sale of NIVS common stock.

Copies of broker confirmations or other documentation of your transactions in NIVS common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*Schuler v. NIVS IntelliMedia Technology Group, Inc., et al.,*
Case No. 1:11-cv-02484-KMW

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____ __ _____, 2014

Please Type or Print

PART I:     CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                                      State or Province

_____        _____
Zip Code or Postal Code                   Country

_____        _____                Individual
Social Security Number or                                      Corporation/Other
Taxpayer Identification Number            _____

_____   _____
Area Code           Telephone Number (work)

_____   _____
Area Code           Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

_____
Account Number

_____
Email Address

- 5 -

PART II:        SCHEDULE OF TRANSACTIONS IN NIVS COMMON STOCK

A.        Number of shares of NIVS common stock held at the close of trading on March 24, 2010: _____

B.        Purchases of NIVS common stock between March 24, 2010 and March 24, 2011, inclusive:

| Trade Date Mo. Day Year | Number of Shares Purchased | Price Per Share * | Total Purchase Price* | Transaction Type (P/R)** |
|---|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ | 3._____ |

\* Do not include commission charges
\*\* P=Purchase, R=Receipt (transfer in)

C.        Sales of NIVS common stock between March 24, 2010 and March 24, 2011, inclusive:

| Trade Date Mo. Day Year | Number of Shares Sold | Sale Price per Share* | Total Sales Price * | Transaction Type (S/D)** |
|---|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ | 3._____ |

\* Do not include commission charges
\*\* S=Sale, D=Delivery (transfer out)

D.        Number of shares of NIVS common stock held at the close of trading on March 24, 2011: _____

**YOU MUST READ THE RELEASE.  YOUR SIGNATURE ON PAGE 10 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE**

- 6 -

## V.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court, Southern District of New York, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of NIVS common stock during the Settlement Class Period and know of no other person having done so on my (our) behalf.

## VI.    RELEASES

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as the Settling Defendants, collectively and each of them, and each of them individually, and each of the Settling Defendant's respective family members and current, former, or future parents, subsidiaries, associates, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, agents, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, insurers, co-insurers, reinsurers, heirs, assigns, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors, advisors, and/or any other individual or entity in which any Settling Defendant has or had a controlling interest or which is or was related to or affiliated with any Settling Defendant.

- 7 -

2.       I (We) hereby acknowledge that "Released Claims," as used herein, means any and
all claims, debts, demands, liabilities, rights, and causes of action of every nature and description
whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or
consulting fees, and any other costs, expenses, or liabilities whatsoever), whether based on federal,
state, local, statutory or common law, or any other law, rule, or regulation, whether fixed or
contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or
unmatured, whether class or individual in nature, whether asserted directly, indirectly, or
derivatively, including both known claims and Unknown Claims: (i) that have been or could have
been asserted in the Action by the Plaintiffs and/or Settlement Class Members or any of them against
any of the Released Persons, including, without limitation, those concerning any statements made by
any Settling Defendant that Plaintiffs allege in the Litigation were false or misleading, or any of the
alleged acts, omissions, representations, facts, events, matters, transactions, or occurrences asserted
in or relating to the Litigation, or otherwise alleged, asserted, or contended in the Litigation; or (ii)
that relate in any way to the purchase, acquisition, sale or holding of NIVS common stock during the
Settlement Class Period by Plaintiffs or any Settlement Class Member, including but not limited to
claims for fraud, negligent misrepresentation, unauthorized purchase, or churning, including any and
all Unknown Claims, that were or might have been asserted on behalf of themselves, their heirs,
executors, administrators, successors, and assigns against the Released Persons or any of them.

3.       I (We) hereby acknowledge that "Unknown Claims," as used herein, means any
Released Claim that Plaintiffs or any Settlement Class Member does not know or suspect to exist in
his, her, or its favor at the time of the release of the Released Persons, which if known by him, her,
or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not
limited to, the decision not to object to the Settlement, provided that such claim arises out of or

relates to the purchase or sale of NIVS common stock, or the decision not to request exclusion from the Settlement Class.

4.      I (We) hereby waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

I (We) also waive and relinquish any and all provisions, rights, and benefits conferred by any law of any state, including but not limited to the State of New York, or any territory of the United States, or principle of common law or international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. I (We) hereby acknowledge that I (we) may discover facts in addition to or different from those which I (we) know or believe to be true with respect to the subject matter of the Released Claims, but I (we) fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

5.      The releases herein shall be of no force or effect unless and until the Court approves the Stipulation and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

6.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in NIVS common stock which occurred during the Settlement Class Period as well as the number of shares of NIVS common stock held by me (us) at the close of trading on March 24, 2010 and at the close of trading on March 24, 2011.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day of_____
                                              (Month/Year)

in _____
     (City)                     (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g* , Beneficial Purchaser,
Executor or Administrator)

- 10 -

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.      Please sign the above Proof of Claim and Release.

2.      Remember to attach supporting documentation, if available.

3.      Do not send original stock certificates

4.      Keep a copy of your claim form for your records.

5.      If you desire an acknowledgment of receipt of your Proof of Claim and Release, please send it Certified Mail, Return Receipt Requested.

6.      If you move, please send us your new address.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAWRENCE A. SCHULER, Individually and On Behalf of All Others Similarly Situated, | ) Civil Action No. 1:11-cv-02484-KMW<br>)<br>) |
| Plaintiff, | ) CLASS ACTION<br>) |
| vs. | ) **SUMMARY NOTICE**<br>) |
| NIVS INTELLIMEDIA TECHNOLOGY GROUP, INC., TIANFU LI, SIMON ZHANG, ALEXANDER CHEN, KWOK FU WONG, RUXIANG NIU, MINGHUI ZHANG, GENGQIANG YANG, CHARLES MO, RODMAN & RENSHAW LLC, WESTPARK CAPITAL, INC., and MALONEBAILEY, LLP, | ) EXHIBIT A-3<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED NIVS INTELLIMEDIA TECHNOLOGY GROUP, INC. ("NIVS") COMMON STOCK DURING THE PERIOD BETWEEN MARCH 24, 2010 AND MARCH 25, 2011, INCLUSIVE**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on _____, 2014, at __:__ _.m., in Courtroom 9A before the Honorable Kimba M. Wood at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, to determine whether: (1) a proposed settlement (the "Settlement") of claims in the above-captioned lawsuit (the "Litigation") in exchange for a payment of $1,350,000, as set forth in the April 22, 2014 Stipulation of Settlement ("Stipulation"), should be approved by the Court as fair, reasonable and adequate; (2) the Litigation should be dismissed with prejudice as set forth in the Stipulation; (3) the plan for distributing the proceeds of the Settlement (the "Plan of Allocation") is fair, reasonable and adequate; and (4) the applications for fees and expenses should be approved.

If you purchased or otherwise acquired NIVS common stock during the period between March 24, 2010 and March 25, 2011, inclusive, your rights may be affected by the Settlement. You may obtain copies of the Stipulation, the Notice of Proposed Settlement of Class Action (the "Notice"), and the Proof of Claim and Release by writing to *Schuler v. NIVS IntelliMedia Technology Group, Inc., et al Securities Litigation* Claims Administrator, c/o Epiq Systems, Inc., P.O. Box 3518, Portland, Oregon 97208, or downloading them at www.nivssecuritieslitigation.com. You must submit a valid Proof of Claim and Release postmarked no later than _____, 2014 to be eligible for any payment from the Settlement proceeds.

You may request to be excluded from the class by following the instructions in the Notice. Any class member who does not timely and validly request exclusion by _____, 2014 will be bound by any judgment entered in the Litigation pursuant to the Stipulation.

You may object to the Settlement, the Plan of Allocation, or the applications for fees and expenses by sending (a) a written statement identifying your name, address, and telephone number, and, if represented by counsel, your counsel's name and contact information; (b) proof of ownership of NIVS securities during the Settlement Class Period, including the number of NIVS common stock and the date or dates of purchase; (c) a statement explaining your objection and your reasons for such objection; and (d) any supporting documentation. You must send these materials by first class mail to the following addresses by _____, 2014:

The Court
Clerk of the Court
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Plaintiffs' Lead Counsel
Joseph E. White, III
SAXENA WHITE P.A.
2424 North Federal Highway, Suite 257
Boca Raton, FL 33431

Counsel for Defendants
Julie E. Kamps
JULIE E. KAMPS, ESQ.
1900 Ave. of the Stars, Suite 310
Los Angeles, California 90067
*Attorney for Defendant WESTPARK CAPITAL, INC.*

Peter J. Larkin
William J. Kelly
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
*Counsel for Defendant MALONEBAILEY, LLP*

If you have any questions about the Settlement, you may call (877) 819-8980 or contact

Plaintiffs' Lead Counsel at the address listed above. **PLEASE DO NOT CONTACT THE**

**COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____, 2014                  BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          SOUTHERN DISTRICT OF NEW YORK